HON. RONALD B. LEIGHTON

08-CV-05071-CNST

FILED ____ LODGED
____ RECEIVED

AUG - 1 2008

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY ____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NORTHWEST ENVIRONMENTAL )
DEFENSE CENTER, ) No. C08-5071RBL
 )
    Plaintiff, ) CONSENT DECREE
 )
    v. )
 )
JESSIE'S ILWACO FISH COMPANY, )
 )
    Defendant. )
_____ )

WHEREAS, Plaintiff Northwest Environmental Defense Center filed a Complaint against Defendant Jessie's Ilwaco Fish Company on February 2, 2008, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of process water from Defendant's facility located in Ilwaco, Washington, seeking declaratory and injunctive relief, civil penalties and attorneys fees and costs;

WHEREAS, Defendant denies Plaintiff's claims and any liability for the alleged violations; and

CONSENT DECREE - 1
No. C08-5071RBL

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

2229557.1

WHEREAS, counsel for the parties to this action have engaged in discussions relating to the potential settlement of this litigation, which discussions have included an assessment of the facts surrounding the alleged violations; and

WHEREAS, Defendant has undertaken, and is implementing, measures to further ensure compliance with the Clean Water Act at its facility and to address issues raised in the notices of intent to sue served by Plaintiff; and

WHEREAS, Plaintiff and Defendant agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving these actions; and

WHEREAS, Plaintiff and Defendant, by their authorized counsel and without trial or final adjudication of the issues of fact or law, with respect to Plaintiff's claims or allegations, consent to the entry of this Consent Decree in order to avoid the risks of litigation and to resolve the controversy between them.

NOW THEREFORE, without trial of any issue of fact or law, and without admission by the Defendant of the facts or violations alleged in the Complaint, and upon consent of the parties, and upon consideration of the mutual promises herein contained, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the parties and subject matter of this action;

2. The undersigned representative for each party certifies that he is fully authorized by the party or parties whom he represents to enter into the terms and conditions of this Consent Decree and to legally bind the party or parties and their successors in interest to it.

3. This Consent Decree shall apply to, and be binding upon, the parties, and upon

CONSENT DECREE - 2
No. C08-5071RBL

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

2229557.1

the successors and assigns of the parties.

4. This Consent Decree shall apply to Defendant's operation and/or oversight of its facility located at or about 117 Howerton Way, Ilwaco, Washington 98624 (the "facility").

5. This Consent Decree constitutes a full and complete settlement of the claims alleged in the Complaint in this case and all other claims known and unknown existing as of the date of entry of this Consent Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the facility identified in paragraph 4 of this Consent Decree.

6. This Consent Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Complaint, any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint, or the admissions or evidence of any wrongdoing or misconduct on the part of the Defendant or its successor.

7. In full and complete satisfaction of the claims covered by the Complaint filed in this case and all other claims covered by this Consent Decree, as described in Paragraph 5, Defendant agrees to abide by and be subject to the following terms and conditions:

    a. Not later than thirty days following the entry of this Decree, Defendant shall contract with Dr. Robert Pojasek for pollution prevention planning and consultation services as described in the scope of work that is Attachment A to this Decree. Upon execution, Defendant shall promptly provide written notification and a copy of the contract to Plaintiff. Defendant shall work with Dr. Pojasek to start the pollution prevention process as soon as practicable, and Dr. Pojasek's initial visit to the facility shall be no later than 180 days after the entry of this Decree. Defendant generally agrees to incorporate the principles of pollution

CONSENT DECREE - 3
No. C08-5071RBL

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

2229557.1

prevention in the operation of its facility, but is obligated only to implement Dr. Pojasek's recommendations relating to wastewater discharges of fecal coliform, total suspended solids, and oil and grease. Defendant shall provide copies of all draft plans, reports, and correspondence between it and Dr. Pojasek concerning the substance of Dr. Pojasek's consulting, these copies to be provided within thirty days of their receipt or transmission by Defendant.

    b.    Until July 20, 2011, Defendant shall forward copies to Plaintiff of all written or electronic communications between Defendant and the Washington Department of Ecology concerning Defendant's compliance with the NPDES permit and the Clean Water Act, including but not limited to Discharge Monitoring Reports, correspondence, permit applications, and inspection reports. These copies shall be forwarded to Plaintiff on a quarterly basis and not later than the thirtieth day following the end of each calendar quarter;

8.    Not later than thirty days after the date of entry of this Decree, Defendant shall make a payment in the amount of $10,000 (TEN THOUSAND DOLLARS to Sea Resources for the habitat restoration Project that is described in Attachment B to this Decree. Such payment shall be made by check payable and mailed to Sea Resources, with a copy to Plaintiff

9.    Within 30 days of the entry of this Consent Decree, Defendant shall pay Plaintiff's reasonable attorney fees and costs not to exceed $9,000 (NINE THOUSAND DOLLARS), the exact amount to be determined in the itemized accounting of actual fees and costs provided by Plaintiff to Defendant within 30 days of entry of this Decree by the Court. Payment of reasonable attorney fees shall be made by Defendant within 30 days of receipt of the accounting from Plaintiff, by check payable and mailed to Smith & Lowney, PLLC, 2317 East

CONSENT DECREE - 4
No. C08-5071RBL

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

2229557.1

John St., Seattle, WA 98112, attn: Richard A. Smith, in full and complete satisfaction of any claims Plaintiff may have under the Clean Water Act for fees and costs.

10. The Court shall retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the parties to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Consent Decree until termination of the Consent Decree per paragraph 12. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties shall first attempt to informally resolve the dispute through meetings between the parties by serving written notice of request for resolution to the parties and their counsel of record. If no resolution is reached within thirty (30) days from the date that the notice of dispute is served, the parties may resolve the dispute by filing motions with the court.

11. The parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA pursuant to 33 U.S.C. § 1365(c)(3). Therefore, upon the signing of this Consent Decree by the parties, Plaintiff shall serve copies of it upon the Administration of the U.S. EPA and the Attorney General.

12. This Consent Decree shall take effect on the date it is entered by the Court. This Consent Decree shall terminate sixty (60) days following completion of all obligations under it.

13. This Consent Decree may be modified only upon the written consent of the parties and the approval of the Court.

14. If for any reason the Court should decline to approve this Consent Decree in the

CONSENT DECREE - 5
No. C08-5071RBL

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

2229557.1

form presented, this Consent Decree and the settlement embodied herein shall be voidable at the sole discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

15. Notifications or copies required by this Consent Decree to be made to Plaintiff shall be mailed to Northwest Environmental Defense Center. Notifications required by this Decree to be made to Defendant shall be mailed to Jessie's Ilwaco Fish Company, P.O. Box 800, Ilwaco, WA 98624.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

CONSENT DECREE - 6
No. C08-5071RBL

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

2229557.1

Dated and entered this 1st day of August, 2008

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

NORTHWEST ENVIRONMENTAL DEFENSE CENTER

Signature: _____

Title: President

Dated: 5/19/08

JESSIE'S ILWACO FISH COMPANY

Signature: _____

Title: Pres.

Dated: 4/25/08

CONSENT DECREE - 7
No. C08-5071RBL

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

2229557.1

## Proposed Scope of Work

The Settlement Agreement would include a three-day visit to the facility to conduct a pollution prevention evaluation. Prior to the visit, the facility will provide Dr. Robert Pojasek with publicly available information on its process including wastewater handling (sources, quantity and composition), methods currently in use to reduce wastewater and solids, by-products prepared, and methods used to handle solids. He will want to see any permits and process flow diagrams (or related work instructions) associated with the processing activities and interview the environmental manager on the telephone prior to the plant visit. He will want an inventory of all processing chemicals used at the facility. Dr. Pojasek is particularly interested in any pollution prevention or water use reduction programs that have been initiated at the facility. He is also interested in any quality, environmental or health & safety management systems currently in place at the facility.

Dr. Pojasek will work closely with the plant manager and the environmental manager to prepare an agenda for the three-day visit. The plant visit will include interviews with the senior people at the facility and observation of the processing operations. Dr. Pojasek is particularly interested in talking to the employees to see what ideas they may have. He is familiar with the pollution prevention literature on seafood processing. A draft report will be prepared on the opportunities to improve the process that would fall under the scope of source reduction, cleaner production or pollution prevention. Dr. Pojasek will answer the questions concerning the report and help review projects that the company will commit to conduct in the area of pollution prevention. It is not the purpose of this evaluation to examine further treatment or disposal activities.

It is expected that the facility will commit to conduct some pollution prevention projects – either by improving upon what has been started already or by voluntarily implementing new pollution prevention projects that were discussed during the plant visit and in the discussion of the subsequent report.

The facility will report to Dr. Pojasek on its progress in the pollution prevention program on a quarterly basis. Dr. Pojasek will return to the facility approximately one year after the initial site visit for a two-day assessment. He will review the progress made on each project and talk to the facility about their pollution prevention plans for the next year. He will prepare a draft report on the opportunities to further improve the process and answer any questions concerning the report and help review the projects that the company will commit to conduct in the second year of pollution prevention.

As in the previous year, the facility will report to Dr. Pojasek on its progress in the pollution prevention program on a quarterly basis. Dr. Pojasek will return to the facility for his final visit a year after his second visit for a two-day assessment and final project review. He will again review the progress made on each project and talk to the facility about their future pollution prevention plans. He will prepare a draft report on the opportunities to further improve the process and answer any questions concerning the report. This would be the end of the work in the Settlement Agreement.



## Qualifications of Dr. Robert B. Pojasek

Dr. Pojasek is an internationally recognized authority on the topic of process improvement and pollution prevention. With 35 years experience working with a diverse range of manufacturing and service sectors, non-government organizations (NGOs) and governments, he has helped organizations plan and implement process improvement programs. He is best known for the development of the highly acclaimed *Systems Approach* which is featured in the US Environmental Protection Agency publication, "An Organizational Guide to Pollution Prevention." He wrote a book entitled, "Making the Business Case for EHS." This book won the APEX award for the best "how-to" book published in 2006.

His work with SAI Global involves the development of integrated management systems (e.g., ISO 9001, ISO 14001 and OHSAS 18001) which incorporate lean fusion process improvement. He uses a business excellence framework to develop performance-based metrics for measuring the effectiveness of these programs. A simple score card enables these programs to make the *business case* for their activities.

In 2006, Dr. Pojasek was named "P2 Champion" by the National Pollution Prevention Roundtable and also won special recognition for his pollution prevention work in Canada with an award from the Canadian Pollution Prevention Roundtable.

Dr. Pojasek is also an Adjunct Professor at *Harvard University* where he teaches a distance-learning course that explores the path to sustainable development. His research focuses on the development of protocols for using risk management and cost accounting tools at the process level so that wastes can be eliminated while conserving valuable resources.

Dr. Pojasek has served on numerous industry and government advisory boards, both in the United States and in other countries. He has served on the Science Advisory Board for the US EPA.

Dr. Pojasek received his bachelor's degree with high distinction at Rutgers University. His Ph.D. is from the University of Massachusetts (Amherst).

To learn more about Dr. Pojasek, please visit his web site at http://www.xlp.com/robert-pojasek-training-consulting



# References

Dr. Pojasek was involved in a similar settlement agreement at Longview Fibre in Longview, Washington. David Mendenhall is the contact at this location. 360-575-5570 dnmendenhall@longfibre.com

A similar project was conducted at Boise Paper in St. Helens, Washington. Dianne Dillard is the contact at that location. 503-397-9203. DianeDillard@BoiePaper.com

Another industry reference (sugar production from beets) is Steve Coe, who was at Amalgamated Sugar in Nampa, Idaho. He is now with another company. His telephone number is 208-452-3801 x264. His email address is SCoe@woodgrain.com





# Sea Resources, Inc.
Chinook Historical Hatchery and Botanical Trail

April 21, 2008

PO Box 187
Chinook, WA 98614

360-777-8229

The Honorable Ronald B. Leighton
United States District Court
Western District of Washington at Tacoma

Dear Honorable Ronald B. Leighton,

Sea Resources, Inc, a 501(c)(3) non-profit, operates the Historical Chinook Hatchery for the purposes of enhancement of depleted salmon runs and environmental education. We are located in the Chinook Valley Watershed on the Chinook River which feeds into Baker Bay at the mouth of the Columbia River. The hatchery was established in 1893 and is the oldest salmon hatchery in Washington State.

Our facility is a community based all volunteer organization. We provide environmental education in a wide range of subjects related to salmon, watershed restoration, native botanicals, birding and other flora and fauna of the local area. Our classroom is a fully equipped science laboratory and students of all ages, from youth to seniors, take advantage of the facilities and grounds. We continue to release salmon (Chinook, Chum and Coho) back into the river. In addition to a fully operational salmon hatchery, we have a botanical trail, greenhouse, indoor and outdoor classrooms and displays. A more extensive educational trail project is also being planned.

We appreciate the $10,000 payment to be made by Jessie's Ilwaco Fish Company as part of the settlement of Northwest Environmental Defense Center v. Jessie's Ilwaco Fish Company. W.D. Wash. No. C08-5071. (We have read and understand the consent decree to be filed in this case.) These funds will go directly toward restoration of the upper Chinook River water diversion project by paying for streamside mitigation planting of trees and native vegetation. The December 2007 storm seriously damaged the river ecosystem which will require native vegetation plantings and habitat restoration. Volunteers will be doing this work and the project will be used as an educational tool.

These funds will be spent in 2008 and a report of the expenditure will be sent directly to the Court and the United States Department of Justice. Please contact us directly if you need further documentation.

Again, this money is gratefully accepted.

Sincerely,

Kenny Osborne
President
Sea Resources, Inc.
360-783-2407 cell

Nansen Malin
Vice President
Sea Resources, Inc.
360-244-3294 cell

cc: Richard Smith, Smith & Lowney
    Pierre Marchand, Jessie's Ilwaco Fish Company